IN THE CIRCUIT COURT OF CLINTON COUNTY, MISSOURI

| | |
|---|---|
| CAMILLE BARKSDALE,<br>Individually And On Behalf Of<br>All Others,<br><br>    Plaintiffs,<br><br>vs.<br><br>REALPAGE, INC.<br>d/b/a LeasingDesk Screening<br>Registered Agent:<br>United Corporate Services, Inc.<br>Elm Court Plaza, 1739 East Elm St., Ste. 101<br>Jefferson City, MO 65101<br>    Defendant. | Case No.:<br><br>**JURY TRIAL DEMANDED** |

## COMPLAINT

**COMES NOW** the Plaintiff, Camille Barksdale, by and through her attorneys, and on behalf of herself, the Putative Classes set forth below, and in the public interest, brings the following class action amended complaint against Defendant, RealPage, Inc., ("Defendant"), pursuant to the Fair Credit Reporting Act ("FCRA").

### PRELIMINARY STATEMENTS

1. Plaintiff brings this action against Defendant for violations of the FCRA.

2. Defendant obtained information concerning the Plaintiff from a third party.

3. Defendant paid a fee to the third party for the information it obtained concerning the Plaintiff.

4. The information obtained from the third party concerning the Plaintiff was a consumer report (as a consumer report is defined pursuant to the FCRA).

5. The Defendant took the information it obtained from the third party and produced a Consumer Report of its own.

6. Defendant sold a consumer report to a third-party entity.



7. Plaintiff asserts FCRA claims against Defendant on behalf of herself and a class of individuals whose rights under the FCRA were violated.

8. On behalf of herself and all class members, Plaintiff seeks actual damages, statutory damages, punitive damages, costs and attorneys fees, and all other relief available pursuant to the FCRA.

## PARTIES

9. Plaintiff is a resident of Mayview, Missouri. Plaintiff is a member of the Putative Classes defined below.

10. Defendant is a foreign company doing business throughout the United States.

## JURISDICTION AND VENUE

11. This court has jurisdiction over Plaintiff's FCRA claim pursuant to 15 U.S.C. § 1681p and Article V, Section 14(a) of the Constitution of Missouri.

12. Venue is proper in this Court pursuant to R.S.Mo. 508.010.2(4).

## FACTUAL ALLEGATIONS

13. Plaintiff incorporates the foregoing paragraphs as if fully set forth herein.

14. Plaintiff applied for an apartment to rent at Yarco Company Inc properties.

15. Plaintiff attempted to contact Yarco Company Inc multiple times while on the waiting list for an apartment to determine if she was approved.

16. Defendant produced a consumer report to Yarco Company Inc in or about July of 2018.

17. Defendant produced the consumer report to Yarco Company Inc. knowing it would rely on the report to make decisions regarding whether to rent or lease an apartment to the Plaintiff.

18. The consumer report produced to Yarco Company Inc, concerning the Plaintiff, was misleading, and inaccurate.

19. The consumer report indicates that the Plaintiff was charged with two counts of Burglary in the Second Degree.

20. Plaintiff has not been charged with two counts of Burglary in the Second Degree.

21. The inclusion of two Burglary counts is misleading and inaccurate.

22. Defendant appears to have identified a probation revocation as a second count of Burglary in the Second Degree.

23. Identifying probation violation as distinct criminal charges is inaccurate, misleading and confusing.

24. Plaintiff was denied residency at Yarco Company Inc. as a result of the consumer report produced by the Defendant.

25. The Plaintiff suffered stress and anxiety attempting to determine why she was denied the apartment.

26. The inclusion of criminal charges that did not belong to the Plaintiff in the consumer report caused the Plaintiff to suffer stress and anxiety.

27. Defendant is aware of the FCRA.

28. Defendant has knowledge that it must comply with the FCRA.

29. Defendant's violations of the FCRA combined with its knowledge of the requirements of the FCRA is evidence that the Defendant's violations were willful.

## CLASS ACTION ALLEGATIONS

30. Plaintiff incorporates the foregoing paragraphs as if fully set forth herein.

31. Plaintiff asserts the following proposed classes defined as:

**1681e(b) "Probation" Class:** All individuals for which the Defendant includes a duplicate count or "charge" entry that is associated with a probation violation or revocation from October 15, 2016, through the present.

**1681e(b) "Multiple Listing" Class:** All individuals for which the Defendant included duplicate "charge" entries from October 15, 2016, through the present.

### Numerosity

32. The proposed class is so numerous that joinder of all class members is impracticable. Defendant regularly produces consumer reports on individuals to third parties. Defendant fails to follow reasonable procedures to assure maximum possible accuracy of the information concerning the individual about whom the reports relate. Plaintiff believes that during the relevant time period, a sufficient number of individuals would fall within the definition of the Putative Class.

### Common Questions of Law and Fact

33. Virtually all of the issues of law and fact in this class action predominate over any questions affecting individual class members. Among the questions of law and fact common to the class is:

   a. Whether Defendant complies with 1681e(b) and follows reasonable procedures to assure maximum accuracy of the information contained in their reports;

   b. Whether the inclusion of duplicate entries complies with 1681e(b);

   c. Whether Defendant's violations of the FCRA were willful;

   d. The proper measure of statutory damages and punitive damages; and

### Typicality

34. Plaintiff's claims are typical of the members of the proposed class. Defendant is a consumer reporting agency that produces consumer reports to third parties. Defendant produces the reports in violation of the mandates of the FCRA. The FCRA violations suffered by the Plaintiff are typical of those suffered by other class members and the Defendant treated Plaintiff consistent with other Putative Class members in accordance with its standard policies and practices.

### Adequacy of Representation

35. Plaintiff, as a representative of the class, will fairly and adequately protect the interests of the Putative Class and has no interest that conflict with or are antagonistic to the interest of the class members. Plaintiff has retained attorneys competent and experienced in class action litigation. No conflict exists between Plaintiff and members of the class. A class action is superior to any other available method for the fair and efficient adjudication this controversy, and common questions of law and fact overwhelmingly predominate over individual questions that may arise.

### Superiority

36. This case is maintainable as a class action under Fed. R. Civ. P. 52(b)(1) because prosecution of actions by or against individual members of the Putative Classes would result in inconsistent or varying adjudications and create the risk of incompatible standards of conduct for Defendant. Further, adjudication of each individual class members' claim as a separate action will potentially be dispositive of the interest of other individuals not a party to such action, impeding their

Electronically Filed - Clinton - October 15, 2018 - 11:45 AM

ability to protect their interests.

37. This case is maintainable as a class action under Fed. R. Civ. P. 52(b)(2) because Defendant has acted or refused to act on grounds that apply generally to the Putative Classes, so that declaratory and/or injunctive relief is appropriate respecting the Classes as a whole.

38. Class certification is also appropriate under Fed. R. Civ. P. 52(b)(3) because questions of law and fact common to the Putative Classes predominate over any questions affecting only individual members of the Putative Classes, and because a class action is superior to other methods for the fair and efficient adjudication of this litigation. Defendant's conduct described in this Complaint stems from common and uniform policies and practices, resulting in common violations of the FCRA. Members of the Putative Classes do not have an interest in pursuing separate actions against Defendant, as the amount of each class member's individual claims is small compared to the expense and burden of individual prosecution. Class certification will also obviate the need for unduly duplicative litigation that might result in inconsistent judgments concerning Defendant's practices. Moreover, management of this action as a class action will not present any likely difficulties. In the interests of justice and judicial efficiencies, it would be desirable to concentrate the litigation of all Putative Class members' claims in a single forum.

39. Plaintiff intends to send notice to all members of the Putative Classes to the extent required by Rule 52. The names and address of the Putative Class members are available from Defendant's records.

## FCRA VIOLATIONS

40. Plaintiff incorporates the foregoing paragraphs as if fully set forth herein.

41. The Defendant does not have policies and/or procedures to prevent the inclusion of duplicate entries in its consumer reports.

42. Any policies and/or procedures the Defendant has to prevent the inclusion of duplicate entries are inadequate.

43. Defendant violated the FCRA by failing to follow reasonable procedures to assure maximum possible accuracy of the information in the Plaintiff's consumer report.

44. Defendant's actions were negligent.

45. Defendant's actions caused the Plaintiff actual damages.

46. Defendant's actions increased Plaintiff's risk of harm.

47. Plaintiff was harmed by the Defendant's actions and suffered an actual injury.

48. Defendant's violations were willful. Defendant acted in deliberate or reckless disregard of its obligations and rights of Plaintiff under the provisions of the FCRA. Defendant's willful conduct is reflected by, among other things, the following facts:

    a. Defendant has access to legal advice;

    b. Defendant produced a consumer report on the Plaintiff that contained information that was misleading and inaccurate;

    c. Defendant produced a consumer report that contained false counts and/or "charge" information; and

    d. Defendant failed to abide by the FCRA.

49. Plaintiff is entitled to statutory damages of not less than $100 and not more than $1000 for each and every one of these violations, pursuant to 15 U.S.C.

Electronically Filed - Clinton - October 15, 2018 - 11:45 AM

§1681n(a)(1)(A).

50. Plaintiff is also entitled to punitive damages for these violations, pursuant to 15 U.S.C. §1681n(a)(2).

51. Plaintiff is further entitled to recover their costs and attorneys' fees, pursuant to 15 U.S.C. §1681n(a)(3).

52. Plaintiff is further entitled to actual damages and any costs and attorneys' fees, pursuant to 15 U.S.C. §1681o.

**WHEREFORE,** the Plaintiff respectfully requests that this Court issue an Order for the following:

    a. An Order that this action may proceed as a class action under Rule 52 of the Missouri Rules of Civil Procedure;

    b. Order designating Plaintiff as class representative and designating Plaintiff's counsel as counsel for the Putative Class;

    c. Order directing proper notice to be mailed to the Putative Classes at Defendant's expense;

    d. Order finding that Defendant committed multiple, separate violations of the FCRA;

    e. Order finding that Defendant acted negligently and willfully in deliberate or reckless disregard of Plaintiff's rights and its obligations of the FCRA;

    f. Order awarding statutory damages and punitive damages as provided the FCRA;

    g. Order awarding reasonable attorneys' fees and costs as provided by the FCRA; and

h.   Order granting other and further relief, in law or equity, as this Court may deem appropriate and just.

### Demand for Jury Trial

Plaintiff hereby demands a jury trial on all causes of action and claims with respect to which Plaintiff and all members of the proposed class have a right to jury trial.

By: /s/ C. Jason Brown
Charles Jason Brown MO 49952
Jayson A. Watkins MO 61434
Brown & Watkins LLC
301 S. US 169 Hwy
Gower Missouri 64454
Tel: 816-505-4529
Fax: 816-424-1337
brown@brownandwatkins.com
watkins@brownandwatkins.com
ATTORNEY FOR PLAINTIFF

IN THE CIRCUIT COURT OF CLINTON COUNTY MISSOURI

| | |
|---|---|
| **CAMILLE BARKSDALE,** ) | |
| Individually And On Behalf Of ) | |
| All Others, ) | |
| ) | |
| Plaintiffs, ) | |
| ) | Case No.: |
| vs. ) | |
| ) | |
| **REALPAGE, INC.** ) | |
| **d/b/a LeasingDesk Screening** ) | |
| Defendant. ) | |

## ENTRY OF APPEARANCE

**COMES NOW** Jayson Watkins and hereby enters his appearance as counsel of record for Plaintiff and those similarly situated in the above captioned matter.

Respectfully submitted,

By: /s/ Jayson A. Watkins
Jayson A. Watkins MO #61434
Brown & Watkins LLC
301 S. US 169 Hwy
Gower Missouri 64454
Tel: 816-424-1390
Fax: 816-424-1337
watkins@brownandwatkins.com
ATTORNEY FOR PLAINTIFF



# IN THE 43RD JUDICIAL CIRCUIT, CLINTON COUNTY, MISSOURI

| Judge or Division: | Case Number: 18CN-CC00073 | |
|---|---|---|
| R BRENT ELLIOTT | | |
| Plaintiff/Petitioner: | Plaintiff's/Petitioner's Attorney/Address | FILED |
| CAMILLE BARKSDALE | Charles Jason Brown | 10/16/2018 |
| | 301 S US Highway 169 | MOLLY LIVINGSTON |
| vs. | Gower, MO. 64454-9116 | CIRCUIT CLERK |
| Defendant/Respondent: | Court Address: | EX-OFFICIO RECORDER |
| REALPAGE, INC. D/B/A LEASINGDESK | 207 NORTH MAIN | CLINTON CO, MO |
| SCREENING | PLATTSBURG, MO 64477 | |
| Nature of Suit: | | |
| CC Other Miscellaneous Actions | | (Date File Stamp) |

## Summons in Civil Case

The State of Missouri to: REALPAGE, INC. D/B/A LEASINGDESK SCREENING
Alias:
C/O UNITED CORPORATE SERVICES
1739 EAST ELM STREET, STE 101
JEFFERSON CITY, MO 65101

**COURT SEAL OF**

You are summoned to appear before this court and to file your pleading to the petition, a copy of which is attached, and to serve a copy of your pleading upon the attorney for plaintiff/petitioner at the above address all within 30 days after receiving this summons, exclusive of the day of service. If you fail to file your pleading, judgment by default may be taken against you for the relief demanded in the petition.

**CLINTON COUNTY**

10/16/2018
Date                                       _Molly Livingston_ Circuit Clerk

Further Information:

### Sheriff's or Server's Return

Note to serving officer: Summons should be returned to the court within 30 days after the date of issue.
I certify that I have served the above summons by: (check one)
☐ delivering a copy of the summons and a copy of the petition to the defendant/respondent.
☐ leaving a copy of the summons and a copy of the petition at the dwelling place or usual abode of the defendant/respondent with _____, a person of the defendant's/respondent's family over the age of 15 years who permanently resides with the defendant/respondent.
☐ (for service on a corporation) delivering a copy of the summons and a copy of the complaint to: _____ (name) _____ (title).
☐ other: _____.

Served at _____ (address)
in _____ (County/City of St. Louis), MO, on _____ (date) at _____ (time).

_____                                       _____
Printed Name of Sheriff or Server                    Signature of Sheriff or Server

Must be sworn before a notary public if not served by an authorized officer:
Subscribed and sworn to before me on _____ (date).
(Seal)
My commission expires: _____        _____
                        Date                  Notary Public

**Sheriff's Fees, if applicable**
Summons                               $_____
Non Est                               $_____
Sheriff's Deputy Salary
Supplemental Surcharge                $   10.00
Mileage                               $_____ ( _____ miles @ $_____ per mile)
Total                                 $_____

A copy of the summons and a copy of the petition must be served on **each** defendant/respondent. For methods of service on all classes of suits, see Supreme Court Rule 54.

OSCA (06-18) SM30 (SMCC) For Court Use Only: Document Id # 18-SMCC-492        1 of 1        Civil Procedure Form No. 1; Rules 54.01 – 54.05, 54.13, and 54.20; 506.120 – 506.140, and 506.150 RSMo

Case 5:18-cv-06169-GAF   Document 1-1   Filed 11/16/18   Page 11 of 11