IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MISSOURI
ST. JOSEPH DIVISION

| | |
|---|---|
| **CAMILLE BARKSDALE, Individually and on behalf of all others,**<br><br>**Plaintiff,**<br><br>v.<br><br>**REALPAGE, INC. d/b/a LEASING DESK SCREENING,**<br><br>**Defendant.** | Case No.: 5:18-cv-06169-GAF |

## DEFENDANT REALPAGE, INC.'S ANSWER

Defendant RealPage, Inc. ("RealPage"), through its undersigned counsel and pursuant to the Federal Rules of Civil Procedure, answers the Complaint of Plaintiff Camille Barksdale ("Plaintiff"). RealPage denies all allegations in the Complaint that RealPage does not expressly admit in this Answer.

RealPage responds to the specific allegations in the enumerated paragraphs in the Complaint as follows:

### Preliminary Statement

1. RealPage admits that this action purports to relate to the Fair Credit Reporting Act, 15 U.S.C. § 1681, et seq. ("FCRA"). RealPage denies the remaining allegations of paragraph 1 of the Complaint.

2. RealPage admits that it receives certain public records from certain third parties. The remaining allegations in paragraph 2 refer to a document. RealPage denies the allegations in paragraph 2 to the extent those allegations are inconsistent with that document.

- 1 -

3. RealPage denies the allegations in paragraph 3 of the Complaint.

4. The allegations in paragraph 4 of the Complaint state a legal conclusion to which no response is required. To the extent that the allegations in paragraph 4 are contrary to law, they are denied.

5. The allegations in paragraph 5 refer to a document. RealPage denies the allegations in paragraph 5 to the extent those allegations are inconsistent with that document. The remaining allegations in paragraph 5 of the Complaint state a legal conclusion to which no response is required. To the extent that the allegations in paragraph 5 are contrary to law, they are denied.

6. RealPage admits that Yarco Company Inc. ("Yarco") is one of RealPage's clients and that Yarco used RealPage's software to generate a tenant screening report relating to a "Camille Barksdale" in 2018. The remaining allegations in paragraph 6 refer to a document. RealPage denies the allegations in paragraph 6 to the extent those allegations are inconsistent with that document.

7. RealPage admits that Plaintiff purports to assert FCRA claims on behalf of herself and a putative class but denies that the class Plaintiff seeks to represent is properly certifiable. RealPage denies the remaining allegations contained in paragraph 7 of the Complaint.

8. RealPage admits that Plaintiff purports to seek FCRA damages on behalf of herself and a putative class but denies that the class Plaintiff seeks to represent is properly certifiable or that Plaintiff or the putative class are entitled to recover any damages from RealPage.

- 2 -
Case 5:18-cv-06169-GAF   Document 5   Filed 11/21/18   Page 2 of 12

## Parties

9. RealPage lacks information sufficient to form a belief as to the truth of the allegations contained in paragraph 9 of the Complaint and, therefore, denies the same.

10. RealPage admits that it is incorporated in Delaware and that it conducts business in the United States.

## Jurisdiction and Venue

11. The allegations in paragraph 11 of the Complaint state a legal conclusion to which no response is required. To the extent that the allegations in paragraph 11 are contrary to law, they are denied.

12. The allegations in paragraph 12 of the Complaint state a legal conclusion to which no response is required. To the extent that the allegations in paragraph 12 are contrary to law, they are denied.

## Factual Allegations

13. RealPage repeats its responses to the allegations contained in the foregoing paragraphs as though fully set forth herein.

14. RealPage lacks information sufficient to form a belief as to the truth of the allegations contained in paragraph 14 of the Complaint and, therefore, denies the same.

15. RealPage lacks information sufficient to form a belief as to the truth of the allegations contained in paragraph 15 of the Complaint and, therefore, denies the same.

16. RealPage admits that Yarco is one of RealPage's clients and that Yarco has used RealPage's software to generate tenant screening reports, including in 2018. The remaining allegations in paragraph 16 of the Complaint state a legal conclusion to which no response is required. To the extent that the allegations in paragraph 16 are contrary to law, they are denied.

17. RealPage denies the allegations contained in paragraph 17 of the Complaint.

18. The allegations in paragraph 18 refer to a document. RealPage denies the allegations in paragraph 18 to the extent those allegations are inconsistent with that document. RealPage denies the remaining allegations in paragraph 18 of the Complaint.

19. The allegations in paragraph 19 refer to a document. RealPage denies the allegations in paragraph 19 to the extent those allegations are inconsistent with that document.

20. RealPage lacks information sufficient to form a belief as to the truth of the allegations contained in paragraph 20 of the Complaint and, therefore, denies the same.

21. The allegations in paragraph 21 refer to a document. RealPage denies the allegations in paragraph 21 to the extent those allegations are inconsistent with that document. RealPage denies the remaining allegations contained in paragraph 21 of the Complaint.

22. The allegations in paragraph 22 refer to a document. RealPage denies the allegations in paragraph 22 to the extent those allegations are inconsistent with that document.

23. The allegations in paragraph 23 refer to a document. RealPage denies the allegations in paragraph 23 to the extent those allegations are inconsistent with that document. RealPage denies the remaining allegations in paragraph 23 of the Complaint.

24. RealPage lacks information sufficient to form a belief as to the truth of the allegations contained in paragraph 24 of the Complaint and, therefore, denies the same.

25. RealPage lacks information sufficient to form a belief as to the truth of the allegations contained in paragraph 25 of the Complaint and, therefore, denies the same.

26. The allegations in paragraph 26 of the Complaint state a legal conclusion to which no response is required. To the extent that the allegations in paragraph 26 are contrary to law, they are denied. RealPage denies the remaining allegations in paragraph 26 of the Complaint.

27. RealPage admits that it is aware of its obligations under the FCRA and complies with the same. RealPage denies that it has violated the FCRA, as alleged.

28. RealPage admits that it is aware of the FCRA's requirements. RealPage denies that it has violated the FCRA, as alleged.

29. RealPage denies the allegations in paragraph 29 of the Complaint.

## Class Action Allegations

30. RealPage repeats its responses to the allegations contained in the foregoing paragraphs as though fully set forth herein.

31. RealPage admits that Plaintiff purports to assert FCRA claims on behalf of herself and certain proposed classes, but denies that the proposed classes Plaintiff seeks to represent are properly certifiable. To the extent paragraph 31 can be construed to contain allegations against RealPage, RealPage denies them.

32. The allegations in paragraph 32 of the Complaint state a legal conclusion to which no response is required. To the extent that the allegations in paragraph 32 are contrary to law, they are denied. RealPage denies the remaining allegations in paragraph 32 of the Complaint.

33. The allegations in paragraph 33 of the Complaint state a legal conclusion to which no response is required. To the extent that the allegations in paragraph 33 are contrary to law, they are denied. RealPage denies the remaining allegations in paragraph 33 of the Complaint, including each of its subparts.

34. The allegations in paragraph 34 of the Complaint state a legal conclusion to which no response is required. To the extent that the allegations in paragraph 34 are contrary to law, they are denied. RealPage denies the remaining allegations in paragraph 34 of the Complaint.

35. The allegations in paragraph 35 of the Complaint state a legal conclusion to which no response is required. To the extent that the allegations in paragraph 35 are contrary to law, they are denied. RealPage denies the remaining allegations in paragraph 35 of the Complaint.

36. The allegations in paragraph 36 of the Complaint state a legal conclusion to which no response is required. To the extent that the allegations in paragraph 36 are contrary to law, they are denied. RealPage denies the remaining allegations in paragraph 36 of the Complaint.

37. The allegations in paragraph 37 of the Complaint state a legal conclusion to which no response is required. To the extent that the allegations in paragraph 37 are contrary to law, they are denied. RealPage denies the remaining allegations in paragraph 37 of the Complaint.

38. The allegations in paragraph 38 of the Complaint state a legal conclusion to which no response is required. To the extent that the allegations in paragraph 38 are contrary to law, they are denied. RealPage denies the remaining allegations in paragraph 38 of the Complaint.

39. RealPage admits that Plaintiff purports to assert FCRA claims on behalf of herself and certain proposed classes, but denies that the proposed classes Plaintiff seeks to represent are properly certifiable. To the extent paragraph 39 can be construed to contain allegations against RealPage, RealPage denies them.

**FCRA Violations**

40. RealPage repeats its responses to the allegations contained in the foregoing paragraphs as though fully set forth herein.

41. RealPage denies the allegations in paragraph 41 of the Complaint.

42. RealPage denies the allegations in paragraph 42 of the Complaint.

43. RealPage denies the allegations in paragraph 43 of the Complaint.

44. RealPage denies the allegations in paragraph 44 of the Complaint.

45. RealPage denies the allegations in paragraph 45 of the Complaint.

46. RealPage denies the allegations in paragraph 46 of the Complaint.

47. RealPage denies the allegations in paragraph 47 of the Complaint.

48. RealPage denies the allegations in paragraph 48 of the Complaint, and each of its subparts.

49. RealPage denies the allegations in paragraph 49 of the Complaint.

50. RealPage denies the allegations in paragraph 50 of the Complaint.

51. RealPage denies the allegations in paragraph 51 of the Complaint.

52. RealPage denies the allegations in paragraph 52 of the Complaint.

RealPage denies the allegations contained in the unnumbered paragraph beginning with "WHEREFORE" following paragraph 52.

## Jury Trial Demand

RealPage acknowledges that Plaintiff demands a trial by jury. RealPage denies the remaining allegations in in the unnumbered paragraph on page 10 of the Complaint.

## ADDITIONAL DEFENSES

Without admitting any of the allegations in the Complaint, and without admitting or acknowledging that RealPage bears the burden of proof as to any of them, RealPage asserts the following defenses. RealPage intends to rely on any additional defenses that may become available or apparent during pretrial proceedings and discovery in this action and hereby reserves the right to amend this Answer to assert all such defenses.

### FIRST ADDITIONAL DEFENSE

The Complaint fails to the extent it does not set forth facts sufficient to state a claim upon which relief may be granted against RealPage, and further fails to state facts sufficient to entitle Plaintiff to the relief sought, or to any other relief from RealPage.

### SECOND ADDITIONAL DEFENSE

Plaintiff's claim fails to the extent that it is barred because all information RealPage communicated to any third person regarding Plaintiff was accurate.

### THIRD ADDITIONAL DEFENSE

The Complaint fails to the extent that Plaintiff lacks standing or has not taken action necessary to avail herself of the rights she claims under the Fair Credit Reporting Act, 15 U.S.C. § 1681 *et seq.* ("FCRA"). Plaintiff's alleged damages, if any, are speculative or uncertain and therefore not compensable.

### FOURTH ADDITIONAL DEFENSE

Plaintiff's claim fails to the extent that, at all relevant times with respect to Plaintiff, RealPage acted in good faith and complied fully with the FCRA.

### FIFTH ADDITIONAL DEFENSE

Plaintiff's claim fails to the extent that Plaintiff's purported damages, which RealPage continues to deny, were the result of acts or omissions of third persons over whom RealPage had neither control nor responsibility, or were the result of Plaintiff's own prior conduct.

### SIXTH ADDITIONAL DEFENSE

The Complaint is barred, in whole or in part, to the extent that Plaintiff lacks statutory or Constitutional standing due to a lack of a concrete and particularized injury-in-fact.

### SEVENTH ADDITIONAL DEFENSE

Plaintiff's claim for punitive damages fails to the extent that the Complaint states no facts in support of a claim for punitive damages.

### EIGHTH ADDITIONAL DEFENSE

Plaintiff's claim is barred, in whole or in part, to the extent that Plaintiff failed to protect herself from damages, if any, or failed to mitigate her alleged damages.

### NINTH ADDITIONAL DEFENSE

Plaintiff cannot recover against RealPage to the extent that some or all of her claims for relief in the Complaint are barred by applicable statutes of limitation, including but not limited to 15 U.S.C. § 1681p or by the doctrine of laches.

### TENTH ADDITIONAL DEFENSE

Any recovery Plaintiff receives is subject to a set off if any damages are awarded against RealPage, in the amount of any damages or settlement amounts recovered by Plaintiff with respect to the same alleged damages. RealPage is also entitled to have any damages that may be awarded to Plaintiff reduced by the value of any benefit or payment to Plaintiff from any collateral source.

### ELEVENTH ADDITIONAL DEFENSE

Any damages allegedly suffered by Plaintiff were not caused by RealPage, but by intervening causes.

### TWELFTH ADDITIONAL DEFENSE

Plaintiff's alleged damages, if any, are speculative or uncertain and, therefore, are not compensable.

## THIRTEENTH ADDITIONAL DEFENSE

This action may not properly proceed as a class action under Federal Rule of Civil Procedure 23 to the extent that, among other reasons, Plaintiff's claims are not typical of the claims of each putative class member; questions of law and fact allegedly common to the putative class do not predominate over the numerous questions affecting individual putative class members; a class action is not superior to other available methods for the fair and efficient adjudication of Plaintiff's claims and any claims of putative class members; Plaintiff and her counsel are unable to fairly and adequately protect the interests of the putative class members; and there are insurmountable difficulties that would be encountered in any attempt to proceed as a class action.

## FOURTEENTH ADDITIONAL DEFENSE

Plaintiff cannot recover from RealPage as a class action to the extent to which such class recovery would deprive RealPage of its due process rights to assert individualized defenses to claims of class members.

## FIFTEENTH ADDITIONAL DEFENSE

Plaintiff's individual and class claims are barred, in whole or in part, to the extent that Plaintiff or any purported class member has not suffered any actual damages or other injury.

## SIXTEENTH ADDITIONAL DEFENSE

Plaintiff's proposed class and subclasses fail on the basis that she seeks to represent putative class members that lack personal jurisdiction to assert claims against RealPage in this Court.

## SEVENTEENTH ADDITIONAL DEFENSE

RealPage reserves the right to assert additional defenses as they become known.

**PRAYER FOR RELIEF**

WHEREFORE, RealPage requests this Court to enter a judgment:

1. denying Plaintiff any and all relief in this case;

2. dismissing Plaintiff's claims in their entirety;

3. dismissing this case with prejudice;

4. awarding RealPage its costs and attorneys' fees incurred in this case; and

5. granting RealPage all other relief that the Court deems just and proper.

Dated: November 21, 2018 **THOMPSON COBURN LLP**

By:/s/ *William R. Bay*
William R. Bay (# 26977)
One US Bank Plaza
St. Louis, Missouri 63101
Tel: (314) 552-6008
Fax: (314) 552-7008
Email: wbay@thompsoncoburn.com

Attorneys for Defendant
REALPAGE, INC.

## CERTIFICATE OF SERVICE

I hereby certify that on this the 21st day of November 2018, I electronically filed the foregoing pleading with the Clerk of the Court using the CM/ECF System. I further certify that I have served a copy of the foregoing document by U.S. First Class Mail on this the 21st day of November 2018:

Charles Jason Brown, Esq.
Jayson A. Watkins, Esq.
Brown & Watkins LLC
301 S. US 169 Hwy
Gower, Missouri 64454
Tel: (816) 505-4529
Fax: (816) 424-1337
Email: brown@brownandwatkins.com
watkins@brownandwatkins.com

Attorneys for Plaintiff
Camille Barksdale

*/s/ William Bay*
William Bay

*Attorney for Defendant, RealPage, Inc.*